FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

MAR 2 / 2007

JAMES N. HATTEN. Clerk
By *s.Sewell*
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICK GIBSON, | :: | CIVIL ACTION NO. |
| Inmate # GDC 416875, EF 171035, | :: | 1:06-CV-3059-TWT |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| GARLAND HUNT, | :: | PRISONER CIVIL RIGHTS |
| GALE BUCKNER, | :: | 42 U.S.C. § 1983 |
| GARFIELD HAMMONDS, | :: | |
| MILTON NIX, | :: | |
| DR. EUGENE WALKER, | :: | |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, an inmate at Wilcox State Prison in Abbeville, Georgia, has filed the instant pro se 42 U.S.C. § 1983 action. [Doc. 1.] Plaintiff has been granted in forma pauperis status, and the matter is now before the Court for a 28 U.S.C. § 1915A screening.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

Plaintiff sets forth the following allegations against Defendants, all members of the Georgia Board of Pardons and Paroles (the Board). [Doc. 1 ¶ III.] Plaintiff claims that Defendants denied him release on parole based on false information,

namely, "a sexual offense that [he] was never charge[d] or indicted on due to the fact that [he] is not the perpetrator." [Doc. 1 ¶ IV.] Plaintiff also claims that Defendants violated his due process rights by improperly denying him parole based on an unconstitutional Georgia statute, O.C.G.A. § 42-9-42(¢); "the welfare of society"; and the "serious[ness] of [his] offense."[1] [Id.] Plaintiff states that he is entitled to parole consideration every three years, instead of every eight years, as he now receives. [Id.] Finally, Plaintiff notes that the Board advised him to participate in a substance abuse program before his next parole consideration, which he did, but the Board nevertheless denied him parole again. [Id.] Plaintiff seeks compensatory and punitive damages and "an order for injunctive relief" requiring Defendants to "delete the false information from [his] files" and to consider him for parole "as provided by law." [Id. ¶ V.]

### III. Discussion

Plaintiff claims that the manner in which the Board has denied him release on parole has violated his due process rights. In order to establish a due process claim, a prisoner must show that he has been deprived of life, liberty, or property without due

---

[1] Plaintiff was sentenced to life imprisonment for a November 19, 1983, murder and has been incarcerated since August 3, 1984. See www.dcor.state.ga.us at "Georgia Inmate Query" for GDC ID Number 416875.

AO 72A
(Rev.8/82)

process of law. <u>Bass v. Perrin</u>, 170 F.3d 1312, 1318 (11th Cir. 1999).  A Georgia state

prisoner does not have a liberty interest in parole, however, and he may not pursue a

claim in federal court alleging that the Board's exercise of its discretion to deny him

parole was a violation of his due process rights.  See <u>Jones v. Ray</u>, 279 F.3d 944, 946

(11th Cir. 2001).[2]  Moreover, "the individual members of the Parole Board are entitled

to absolute quasi-judicial immunity from a suit for damages."  <u>Fuller v. Georgia State</u>

<u>Bd. of Pardons & Paroles</u>, 851 F.2d 1307, 1310 (11th Cir. 1988).  Nevertheless, "the

---

[2]  Plaintiff appears to present an ex post facto claim as well, based on the alleged extension of the time between his parole reconsiderations. [<u>See</u> Doc. 1 ¶ IV.] However, to the extent that Plaintiff has raised such a claim, it fails.  The Ex Post Facto Clause, Article I, Section 10, of the United States Constitution, prohibits the States from, <u>inter alia</u>, making "enactments which, by retroactive operation, increase the punishment for a crime after its commission."  <u>Garner v. Jones</u>, 529 U.S. 244, 249 (2000).  More specifically, the prohibition has potential application to changes in the "rules and regulations concerning parole consideration" that retroactively alter a prisoner's parole eligibility.  <u>See, e.g.</u>, <u>Jones v. Georgia State Bd. of Pardons & Paroles</u>, 59 F.3d 1145, 1149 nn.7-8 (11th Cir. 1995).  In order to violate the Ex Post Facto Clause, however, such a change must create "a significant risk . . . that its retroactive application will result in a longer period of incarceration than under the earlier rule."  <u>Garner</u>, 529 U.S. at 246, 255-56 (reversing the Eleventh Circuit's ruling that a retroactive change in Georgia law "permitting the extension of intervals between parole considerations . . . . was necessarily an <u>ex post facto</u> violation" because it was not evident from the record that "the change in Georgia law lengthened respondent's time of actual imprisonment").  As in <u>Garner</u>, there is no suggestion in Plaintiff's complaint that the change in Georgia law has lengthened his time of actual imprisonment.  Moreover, any such ex post facto claim appears to be long since time-barred under the two-year statute of limitations applicable to § 1983 claims in Georgia.  See <u>Thigpen v. Bibb County</u>, 223 F.3d 1231, 1243 (11th Cir. 2000).

use of false information in a parole file can be a due process violation." <u>Jones</u>, 279 F.3d at 946. Even so, a prisoner "cannot make a conclusory allegation regarding the use of such information as the basis of a due process claim." <u>Id.</u> Here, however, Plaintiff has set forth more than a conclusory allegation, claiming that the Board relied on false information regarding his alleged involvement in a sexual offense. [Doc. 1 ¶ IV.]

### IV. <u>Conclusions</u>

For the foregoing reasons, this Court finds that Plaintiff has alleged a due process cause of action – based on the alleged use of false information in his parole file – that passes muster under 28 U.S.C. § 1915A. It does not appear beyond doubt that Plaintiff could prove no set of facts that would entitle him to injunctive relief, i.e., the removal of the allegedly false information from his parole file. Accordingly, in light of the allegations presented, and in deference to Plaintiff's <u>pro se</u> status, **IT IS ORDERED** that his claim be allowed to **PROCEED** as in any other civil action with respect to that allegedly false information. However, because Plaintiff has no general due process right to release on parole, his remaining due process claims fail, as does his implied ex post facto claim, and **IT IS ORDERED** that those claims be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

5

## V. <u>Service of process and related matters</u>

The Clerk is hereby **DIRECTED** to send Plaintiff a USM 285 form and summons for each Defendant named in the complaint, along with an initial disclosures form. Plaintiff is **DIRECTED** to complete a USM 285 form and summons for each Defendant, complete the initial disclosures form, and return all of the forms to the Clerk of Court within twenty (20) days of the entry date of this Order. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notice of Lawsuit and Request for Waiver of Service of Summons forms (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form and summons for each Defendant.

6

Upon completion of a service waiver package for each Defendant, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail a service waiver package to each Defendant. Defendants have a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return an executed Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service waiver package is mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return an executed waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to serve personally each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon each Defendant or each Defendant's counsel a copy of every additional pleading or other document which is filed with the

7

AO 72A
(Rev.8/82)

Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to each Defendant or each Defendant's counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and each Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL PROCEED** on a four (4) month discovery track, beginning thirty (30) days after the appearance of the first Defendant by answer to the complaint, subject to extension by motion filed prior to the expiration of the existing discovery period. See N.D. Ga., LR 26.2.A., LR 26.2.B.

**IT IS SO ORDERED** this _21_ day of _March_, 2007.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

8