IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PATRICK GIBSON,

    Plaintiff,

      v.

GARLAND HUNT, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-3059-TWT

OPINION AND ORDER

    This is pro se civil rights action.  It is before the Court on the Defendants'
Motion to Dismiss the Plaintiff's Amended Complaint [Doc. 14].  For the reasons set
forth below, the Defendants' motion is GRANTED.

I. BACKGROUND

    The Plaintiff, Patrick Gibson, is currently serving a life sentence for murder.
He filed this action against the Georgia Board of Pardons and Paroles on December
15, 2006.  In it, he alleged that his parole denial violated his civil rights because the
Defendants had relied on false information regarding his alleged involvement in a
sexual offense and violated his due process rights.  He sought  compensatory and
punitive damages.   In its frivolity review, this Court dismissed most of the due

process claims but allowed the false information claim to proceed. The Plaintiff subsequently filed a Motion for Leave to File an Amended Complaint. In the text of that motion, he again alleges due process violations and his claims also now include a violation of the Constitution's Ex Post Facto Clause. The Defendants have filed a motion to dismiss.

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355U. S. 41, 47 (1957)). Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

## III. <u>DISCUSSION</u>

The Court construes the allegations in the Plaintiff's motion for leave to amend as claims proffered in addition to those contained in his original complaint.  <u>See</u> <u>McGruder v. Phelps</u>, 608 F.2d 1023, 1025 (5th Cir. 1979) ("In view of the liberality accorded to the pleadings of Pro se petitioners in <u>Haines v. Kerner</u>, 404 U.S. 519 [] (1972), and similar cases, we find that the district judge should have treated the materials filed by plaintiff on January 17, 1979, however denominated, as an amendment to his complaint or an addition in the nature of an amendment.").  This Court previously held, however, that the Plaintiff's due process claims could not proceed because a Georgia state prisoner has no liberty interest in parole and "he may not pursue a claim in federal court alleging that the Board's exercise of its discretion to deny him parole was a violation of his due process rights."  (Order of March 21, 2007, at 4 (<u>citing</u> <u>Jones v. Ray</u>, 279 F.3d 944, 946 (11th Cir. 2001)).  Furthermore, "the individual members of the Parole Board are entitled to absolute quasi-judicial immunity from suit for damages.  (<u>Id.</u> (quoting <u>Fuller v. Georgia State Bd. of Pardons & Paroles</u>, 851 F.2d 1307, 1310 (11th Cir. 1988)).  The Plaintiff's amended due process claims are thus properly dismissed.  These claims are dismissed with prejudice.

The Plaintiff's false information claims should also now be dismissed.  In the frivolity review, the Court applied a pleading standard that has now been repudiated by the Supreme Court.  In allowing the claim to go forward, the Court stated that: "A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief."  That is the pleading standard from  Conley v. Gibson that for fifty years guided district courts in ruling upon a motion to dismiss for failure to state a claim.  In Twombly, the Supreme Court repudiated this standard in favor of a standard of a "plausible" right to relief.  Twombly, --- U.S. ----, 127 S. Ct.  at 1964 (2007).  The Plaintiff's conclusory allegations do not satisfy this standard.  This claim is dismissed without prejudice.

The Plaintiff also alleges that the Defendants' failure to reconsider his parole eligibility every three years violates his rights under the Ex Post Facto Clause.  See U.S. Const., Art. I, § 10, cl. 1.  The Ex Post Facto Clause prohibits the States from making "enactments which, by retroactive operation, increase the punishment for a crime after its commission." Garner v. Jones, 529 U.S. 244, 249 (2000). More specifically, the prohibition has potential application to changes in the "rules and regulations concerning parole consideration" that retroactively alter a prisoner's parole eligibility. See, e.g., Jones v. Georgia State Bd. of Pardons & Paroles, 59 F .3d 1145, 1149 nn.7-8 (11th Cir. 1995). In order to violate the Ex Post Facto Clause, however,

such a change must create "a significant risk . . . that its retroactive application will result in a longer period of incarceration than under the earlier rule." <u>Garner</u>, 529 U.S. at 246, 255-56.  The Plaintiff has failed to plead specific facts showing a significant risk that the change in parol eligibility will result in a longer period of incarceration than under the earlier rule.  This claim is dismissed without prejudice.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Defendants' Motion to Dismiss the Plaintiff's Amended Complaint [Doc. 14] is GRANTED.

SO ORDERED, this 5 day of July, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge